861 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Adib H. AQEEL, Plaintiff-Appellant,
v.
Richard P. SEITER; A.R. Jago; R. Zent; John F. Kinkela;
J.K. Jackson; James Jones; Rev. Fred Licciardi;
Rev. David Schwarz, Defendants-Appellees.
 Nos. 87-3933, 87-4105 and 88-3392.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff, Adib H. Aqeel, filed two prisoner civil rights actions under 42 U.S.C. Sec. 1983 on September 8, 1986 and July 13, 1987, alleging that the defendant prison officials treated him unfairly because he is Muslim. He appeals the denial of his three motions for a preliminary injunction in which he sought to avoid the consequences of a prison disciplinary conviction for disobeying a direct order to remove his tarboosh. Upon consideration, we conclude that the district court did not abuse its discretion in denying plaintiff's motions. See Planned Parenthood Ass'n v. City of Cincinnati, 822 F.2d 1390, 1393 (6th Cir.1987).
 
 
 3
 We indicate no ruling on the merits of Aqeel's basic underlying contention that the order directing him to remove his hat or tarboosh violated his First Amendment rights. See Abdullah v. Kennison, 769 F.2d 345 (6th Cir.1985), and Abkar v. Seiter, No. 86-3383 (6th Cir. March 31, 1987, unpub.). We note that Aqeel has been transferred from the London Correctional Institution to the Lebanon Correctional Institution since the filing of his motions which are the subject matter of this appeal concerning his treatment at London. This may moot his claim for injunctive relief unless it can be demonstrated that his transfer was motivated by unlawful retaliatory reasons or because of unlawful discrimination directed toward Aqeel. We indicate by our disposition of these appeals no ruling on the allegations of retaliation by reason of the filing of his 42 U.S.C. Sec. 1983 lawsuit against defendants.
 
 
 4
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.